CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 21 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

GLADYS L. BRYANT,          )
    Plaintiff,           )
                        )

v.                       )      Case No. 6:04CV000017
                        )

JO ANNE B. BARNHART,     )      By:    Michael F. Urbanski
    Commissioner of Social Security,  )           United States Magistrate Judge
                        )
    Defendant.           )

## REPORT AND RECOMMENDATION

    Plaintiff Gladys L. Bryant ("Bryant") brings this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to the undersigned magistrate judge on May 14, 2004 for report and recommendation. After briefing and oral argument on the appeal, and based on a thorough review of the administrative record and relevant case law, it is recommended that the Commissioner's motion for summary judgment be granted as the decision of the Commissioner was founded on correct legal principles and supported by substantial evidence.

## FACTUAL AND ADMINISTRATIVE BACKGROUND

    Bryant was born on December 30, 1960. She is a high school graduate and has been married for over 20 years. She has one son. Her past employment include housekeeper, label inspector and dietary aide.

    Plaintiff filed an application for a period of disability and Disability Insurance Benefits on October 11, 2001 alleging disability as of February 1, 2001, based on chronic hip pain, neck, foot

wrist and shoulder pain. (Record, "R." at 197) The application was denied initially (R. 134), and on reconsideration by the Social Security Administration (R. 20). Plaintiff requested a hearing which was conducted on February 5, 2003, at which time she testified before an Administrative Law Judge ("ALJ"). (R. 344) Plaintiff was represented by counsel at the February 5, 2003 appeal hearing. On February 28, 2003, the ALJ found that Plaintiff was not entitled to a period of disability, Disability Insurance Benefits, and not eligible for payments under §§ 216(i); 223 of the Social Security Act. (R. 20) The ALJ's findings became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on April 7, 2004. (R. 11)

The ALJ concluded that Bryant was not disabled as she retained the residual functional capacity for a wide range of sedentary work, including work as a cashier, production inspector, telephone order clerk, assembler and surveillance system monitor/guard.

As support for this conclusion, the ALJ noted that the severity of Bryant's impairments do not meet or equal the criteria of any listed impairment. This was supported by the fact that no treating, examining, or non-examining physician indicated findings equivalent in severity to the criteria of a listed impairment. The ALJ relied, in part, on the opinions of the state agency medical consultants who evaluated this issue at the initial and reconsideration levels of the administrative review process and reached the same conclusion and also considered the testimony of the medical expert who evaluated all of the evidence and found that Bryant's hypertension was not of the severity to meet listing 4.03, because she had no end organ damage and her impairment was mild and could be controlled with medication. The ALJ also opined that

2

plaintiff had a mild form of carpal tunnel syndrome, that her back impairment is of moderate severity, and that she had moderate impairment of her knee caused by early osteoarthritis.

The only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence.

## ANALYSIS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> [T]he inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must then establish that the claimant has the residual functional capacity,

3

considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. See 42 U.S.C.A. § 423(d)(2); McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall, 658 F.2d at 264-65; Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Mastro v. Apfel, 270 F.3d 171 (4th Cir. 2001).

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

4

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings and that her conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Secretary, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## I. **Additional Evidence Presented to the Appeal's Council After ALJ's Decision.**

The major issue present in this case is that plaintiff provided additional material to the Appeals Council that had not been before the ALJ. When a claimant seeks review by the Appeals Council, the Council first makes a procedural decision to either grant or deny review. If the Appeals Council denies review, the denial renders final the decision of the ALJ. It is thus the decision of the ALJ, and not the procedural decision of the Appeals Council to deny review, that is subject to judicial scrutiny. See 20 C.F.R. §§ 404.967-981, 416.1467-1481 (2004). The Appeals Council must consider evidence submitted to it when it is deciding whether to grant review, "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Secretary, Dept. of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc). Evidence is new if it is not duplicative or cumulative. Id. at 96. Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id. Where the Appeals Council considered the new evidence, but denied review, the Fourth Circuit requires that reviewing courts consider the record as a whole, including the new evidence, in order to determine whether the decision of the ALJ is supported by substantial evidence. Id.

5

**A. Failure of Appeals Council to Explain its Consideration of Additional Evidence.**

Bryant argues that this case should be remanded because the Appeals Council did not provide any specific explanation of its consideration of either the letters or the additional medical records. The question whether the Appeals Council is required to make specific findings on evidence submitted after the ALJ's decision is a murky one implicating countervailing public policy considerations and evoking substantial debate across the country, the Fourth Circuit, and this district. Because of the Wilkins decision, courts in the Fourth Circuit are required to "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." Wilkins, 953 F.2d at 96. Given the mandate to review any new evidence, the quandary which has perplexed courts is what make of the boilerplate language employed by the Appeals Council in its rote denials of review that it "considered the additional evidence" and "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 6-7)

In the words of one district court, this places courts in the perilous strait between the Scylla imposed by the requirement in Wilkins that the new evidence submitted after the ALJ's decision be reviewed along with the record as a whole, and the Charybdis which requires that the Commissioner, and not reviewing courts, determine the appropriate weight to be accorded such evidence. See Harmon v. Apfel, 103 F. Supp. 2d 869, 872 (D.S.C. 2000).

Although unpublished, the Fourth Circuit's opinions in Freeman v. Halter, 15 Fed. Appx. 87, 2001 U.S. App. LEXIS 16991, 2001 WL 847978 (4th Cir. 2001), and Hollar v. Commissioner, 1999 U.S. App. LEXIS 23121, 1999 WL 753999 (4th Cir. 1999), state that "the

6

regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision." Freeman, 15 Fed. Appx. at 89. In Freeman, the Fourth Circuit noted that the "magistrate judge did, however, analyze the supplemental evidence and correctly noted that Freeman's treating physician stated there had been no change in Freeman's symptomology or physical findings. Accordingly, we find no merit to Freeman's claims that the district court and Commissioner erred by failing to consider the additional evidence." 15 Fed. Appx. at 89. In Thomas v. Commissioner, 24 Fed. Appx. 158, 162, 2001 WL 1602103 (4th Cir. 2001), the Fourth Circuit took a slightly different tack, vacating and remanding a disability case because the Appeals Council did not explain its consideration of a disability assessment by a treating physician which was submitted to the Appeals Council after the ALJ's decision. In that case, however, the evidence was of a different nature than the cumulative evidence proffered in either Freeman or here, and consisted of medical reports and lab work from four separate visits by claimant to her treating physician. As a result, the court concluded that "[b]ecause of the ambiguity in the record, and in light of the treating physician rule, we believe the district court should remand this case to the Commissioner for further development of the record." 24 Fed. Appx. at 162.

In three separate opinions, courts in this district have concluded that the Appeals Council is not required by its regulatory scheme to provide a detailed explanation of its consideration of evidence submitted after the ALJ's decision. See Ridings v. Apfel, 76 F. Supp. 2d 707, 709 (W.D.Va. 1999) ("the Appeals Council is not expressly required by the regulations to state its rationale for denying review."); Riley v. Apfel, 88 F. Supp. 2d 572, 580 (W.D. Va. 2000) ("I agree with Judge Jones, see Ridings, supra, that the regulations do not explicitly require the

7

Appeals Council to provide written findings with respect to any new evidence and its impact in light of the overall record and that this facilitates orderly decision-making within the agency."); Smallwood v. Barnhart, No. 7:03cv00749, slip op. at 2 (W.D. Va. Oct. 19, 2004). Others disagree. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D. Va. 1998) ("The court concludes that if the Appeals Council ostensibly considers the new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reason for finding that the "interim" evidence does not justify further administrative action."); see also Harmon v. Apfel, 103 F. Supp. 2d 869, 873 (D.S.C. 2000); Hawker v. Barnhardt, 235 F. Supp. 2d 445, 452 (D. Md. 2002); Scott v. Barnhardt, 332 F. Supp. 2d 869, 878-79 (D. Md. 2004).

While the Appeals Council is not required by its regulatory scheme to provide a detailed statement of reasons regarding late breaking evidence, its failure to deal with such evidence in any fashion meaningful to the district court's substantial evidence review runs the risk of a remand to require the Commissioner to explicitly consider the additional evidence under certain circumstances. As the court noted in Riley, "the agency leaves itself open to criticism when no explanation regarding material evidence within the record is provided." 88 F. Supp. 2d at 580. Such a remand is necessary where the additional evidence is "conflicting," or presents "material competing testimony," Riley, id.; is "contradictory," Smallwood, slip op. at 3-4; or "calls into doubt any decision grounded in the prior medical reports." Ridings, 76 F. Supp. 2d at 710.[1]

_____

[1]Such an approach also is consistent with the footnote 3 in the Alexander opinion, where the court noted that a remand to consider "interim" evidence is not necessary where it is clear upon review of such "'interim' evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence." Alexander, 14 F. Supp. 2d at 844 n.3.

8

Thus, the court rejects plaintiff's argument that this case be remanded solely because the Appeals Council failed to provide an explanation for its consideration of the additional evidence. The task remaining for the court is to review the ALJ's decision "in the light of evidence which the ALJ never considered, and thus never evaluated or explained." Ridings, 76 F. Supp. 2d at 709. While "this task is a difficult one," id., it is not sisyphean, because it does not require the court to weigh the evidence, but rather merely to determine whether this additional evidence creates a "conflict," is "contradictory," or "calls into doubt any decision grounded in the prior medical reports." If so, the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence. If not, then the case can be decided on the existing record without the necessity of a remand.

Such an approach is consistent with the definitions of "new" and "material" evidence employed by the Fourth Circuit in Wilkins. Wilkins considers evidence to be "new" "if it is not duplicative or cumulative." 953 F.2d at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. (citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir. 1985)). The reasons noted by the Ridings, Riley and Smallwood courts, and, indeed, footnote 3 of Alexander, are in accord with Wilkins' definition of "new" and "material." Duplicative or cumulative evidence will not meet the test for remand under Riley, Ridings, Smallwood, and footnote 3 of Alexander, nor will additional evidence submitted to the Appeals Council that has no reasonable possibility of changing the outcome. This approach also is consistent with the Fourth Circuit's opinion in Smith v. Chater, 99 F.3d 635, 637-38 (4th Cir. 1996), where the court noted that it is the duty of the ALJ, and not a reviewing court, to resolve conflicts in the evidence.

9

**B.** **The Additional Evidence Presented to the Appeals Council Does Not Necessitate a Remand**

Review of the additional medical evidence submitted to the Appeals Council reveals that there is no reasonable possibility that the additional evidence presented by Bryant would have changed the outcome. Wilkins, 953 F.2d at 96. Plaintiff sought to introduce medical records from Forest Family Physicians and two letters from an orthopedist she consulted after the date of the ALJ's hearing. The medical records are largely from plaintiff's treating physician, Dr. Leah H. Hinkle of Forest Family Care, and date from the period of May 20, 2003 until August 5, 2003 (R. 336-40). The letters are from plaintiff's orthopedic surgeon and are dated April 29, 2003 and May 25, 2003 (R. 341, 343). All of these materials are regarding a period after the date of the ALJ's hearing, February 28, 2003. (R. 20).

The medical records from Forest Family Physicians describe plaintiff's bladder troubles, pain, hypertension, sinuses, and depression. (R. 336-40) The first of the records discusses a April 7, 2003 visit when plaintiff visited Dr. Hinkle for follow-up care. (R. 338) The records indicate that plaintiff requested drugs for sinus and allergy symptoms and notes that she was then suffering from watery eyes, sneezing, and congestion. The records note that plaintiff's depression persists and that it has not improved though she is taking Prozac and Wellbutrin. They note that plaintiff's blood pressure is then out of control and that she is out of Toprol. They finally note that although plaintiff did have "H. Pylori gastritis," her symptoms were somewhat better than they had been on a previous visit.

A May 20, 2003 record from Dr. Hinkle indicates that plaintiff stated that she had visited Dr. Michael Wolfe, an orthopedist, who confirmed her severe depression, her chronic pain

10

syndrome, and disability. (R. 339) They note that plaintiff stated that Dr. Wolfe suggested she be referred to the pain clinic at Lewis Gale for treatment. Additionally, the May 20, 2003 records go through plaintiff's status with a number of prescriptions.

A June 13, 2003 record from Dr. Hinkle indicates that plaintiff, then visiting Hinkle for a blood pressure and pain checkup, had visited Dr. Pang at Lewis Gale Pain Center for treatment and that Pang had called stating that "he didn't have much to offer" and suggested that plaintiff get counseling. (R. 337) The record indicates that although plaintiff had returned to taking Paxil, she had not seen any improvement in her depression. Finally, Dr. Hinkle notes that "[t]his is about the fifth medicine we have used and we are getting nowhere."

The final visit record from Forest Family Physicians and signed by Jarrett Dodd, M.D., dated July 27, 2003, indicates that plaintiff woke up in the morning with blood in her urine, dysuria, bladder pressure, and back pain. (Id.) The record states that plaintiff's hypertension is poorly controlled and indicates that plaintiff should return in one week for tests regarding a hematuria and two weeks for tests regarding her blood pressure. (Id.)

The final of the medical records appears to be lab results prepared on July 28, 2003 from Center Lab. (R. 340) They describe results of a urine culture and methods for treatment.

In sum, the two letters from plaintiff's orthopedist, Dr. Michael Watson, state that plaintiff is under the doctor's care, that he believes she is unable to work, and that she must frequently lie down and elevate her feet in the course of the day (R. 341, 343).

The first letter is a "To Whom It May Concern" letter written by Dr. Michael Watson dated April 29, 2003 but with a notation of having been drafted on May 8, 2003. (R. 341). Although the letter contains no records of diagnostic tests, it notes that plaintiff "has problems

11

with chronic arthritis and degenerative joint disease involving multiple joints" and that "[s]he has had orthopedic surgery and may need further surgery in the future." Plaintiff "has major depression and chronic anxiety disorder and is under the care of multiple physicians as well as a counselor." Watson states that "[i]t is clear to me that [plaintiff] is unable to work and her request for disability benefits should be granted."

The second letter written by Dr. Watson is even more brief. Dated May 25, 2003, it states that Watson is plaintiff's treating orthopedist. (R. 343) Due to plaintiff's medical condition, it states, "prolonged standing or walking, or prolonged sitting with her feet on the floor causes significant pain in her joints, including her back and her legs." It concludes that in order to relieve this pain, plaintiff must frequently lie down and elevate her feet during the course of the day.

After scrutiny of this evidence, the court concludes that it cannot be said that this evidence might reasonably have changed the ALJ's conclusion as none of these materials provide any different objective information as to Bryant's condition than the information already considered. Plaintiff's medical record already indicated that she was often sick and suffered from both depression and pain. In her brief, plaintiff does not even refer to the few pages of additional records from Forest Family Physicians, most likely because there is no new information contained in them and the office visits which they document occurred after the ALJ's decision. The lab report plaintiff provided appears to document a urinary tract infection that was treatable with a number of drugs. Such an infection does not provide evidence that would likely change the ALJ's decision. Because these records were not "new" or "material" as discussed in Wilkins, the Appeals Council's treatment of them was proper.

Similarly, the two letters from Dr. Wolfe – who became plaintiff's orthopedic physician after the date of the hearing before the ALJ – are not supported by any clinical or diagnostic findings. The conclusory statements would not have changed the ALJ's decision. In that they are not supported by clinical or diagnostic findings, they differ from the materials discussed in Thomas v. Commissioner, 24 Fed. Appx. 158, 160 (4th Cir. 2001), where the Fourth Circuit found cause to remand. As they are not material, the Appeals Council was not required to provide analysis of their evaluation of them.

Clearly, the record contains substantial evidence to support the ALJ's finding that plaintiff is not disabled and is not entitled to Disability Insurance Benefits. A review of the record and relevant case law indicates that the decision of the Commissioner is supported by substantial evidence and that correct legal principles were applied. For these reasons, it is recommended that the summary judgment be granted and the decision of the Commissioner be affirmed.

The Clerk is directed immediately to transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

13

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.

Enter this 21st day of January, 2005.

Michael F. Urbanski
United States Magistrate Judge

14